# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**KEVIN SULLIVAN**                                                                                            **PLAINTIFF**

**v.**                             **No: 3:22-cv-00242-JM-PSH**

**FELISHA ROWLAND,** *et al.*                                                 **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Kevin Sullivan filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 14, 2022, while incarcerated at the Greene County Detention Facility (Doc. No. 1).[1] Sullivan was subsequently granted leave to proceed *in forma pauperis*

---

[1] Sullivan is no longer incarcerated. *See* Doc. Nos. 8 & 10.

and ordered to file an amended complaint. Doc. Nos. 7 & 14. Sullivan was instructed to describe how defendants violated his rights and how he was injured as a result. Doc. No. 14. He was warned that an amended complaint would render his original complaint without legal effect, and only claims properly set out in the amended complaint would be allowed to proceed. *Id.* Sullivan has filed an amended complaint (Doc. No. 16) and an addendum (Doc. No. 17). For the reasons stated herein, Sullivan's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C.

Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Sullivan's complaint is largely unclear. He seems to allege that defendant Felisha Rowland told others he filed a lawsuit against Greene County, and his trustee shift was then changed to days where he might see the defendants from that case. Doc. No. 16 at 4-7. He also complains that he may have been set up for a disciplinary charge and generally complains of racial discrimination. *Id.* Sullivan's allegations do not support any constitutional claim and are insufficient to state a claim for relief.

First, Sullivan's claim that Rowland told others about a lawsuit he filed resulting in a change in his trustee shifts is insufficient to support a retaliation claim. To succeed on a § 1983 retaliation claim, a plaintiff must prove: (1) that he engaged in a protected activity; (2) that the government official took adverse action against

him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Speculative and conclusory, or *de minimis* allegations cannot support a retaliation claim. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam). Sullivan does not describe a retaliatory motive on the part of any defendant, and it is not clear who he alleges changed his job assignment. Additionally, an inmate has no constitutional right to a particular job assignment. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992) (citing *Spencer v. Snell,* 626 F. Supp. 1096, 1097 (E.D. Mo.), *aff'd,* 786 F.2d 1171 (8th Cir. 1986)). Sullivan's conclusory allegations fail to rise to the level of a constitutional violation.

Second, Sullivan's allegations do not support a failure-to-protect-claim. To succeed on a failure-to-protect claim, he must show that there was a substantial risk of serious harm to him and that defendants were deliberately indifferent to that risk. *See Irving v. Dormire,* 519 F.3d 441, 447 (8th Cir. 2008). Sullivan does not allege that he was placed in danger or even threatened as a result of the change in his trustee shift.

Third, Sullivan indicates one or more defendants threatened to set him up on disciplinary charges, but he does not actually describe any resulting disciplinary

4

charges, convictions, or punishment. These vague allegations simply do not support a viable constitutional claim.

Finally, Sullivan generally claims that white inmates are treated better than Black or Hispanic inmates. To state a claim of racial discrimination, a prisoner must allege (1) he was treated differently from similarly situated inmates; and (2) the different treatment was the result of intentional and purposeful racial discrimination. *See In re: Kemp*, 894 F.3d at 909-10; *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008). Sullivan's conclusory allegation that he has been discriminated against does not meet this standard.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1. Sullivan's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 26th day of January, 2023.

                                                                                                                      UNITED STATES MAGISTRATE JUDGE